# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

ROBERT D. CARTER, )
                Petitioner, )
v. ) Case No. CIV 19-243-RAW-KEW
DEON CLAYTON, Warden, )
                Respondent. )

## OPINION AND ORDER

This action is before the Court on Respondent's motion to dismiss Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 as barred by the statute of limitations. (Dkt. 10). Petitioner is a pro se prisoner in the custody of the Oklahoma Department of Corrections who is incarcerated at Howard McLeod Correctional Center in Atoka, Oklahoma. He is attacking his conviction in Carter County District Court Case No. CF-2015-268 for Distribution of Child Pornography (Count I), Aggravated Possession of Child Pornography (Count II), and Violation of Statute via Computer (Count III).

**I.     Petitioner's Motion for Emergency Release and for Expedited Consideration**

As an initial matter, Petitioner has filed a Motion for Emergency Release and for Expedited Consideration (Dkt. 22) and an "update" to the motion (Dkt. 23). Because of the ongoing COVID-19 pandemic, Petitioner requests to be released immediately on his own recognizance, to home confinement, to the custody of his parents, or to any solution determined by the Court. He alleges the Oklahoma Department of Corrections has a policy of moving inmates between facilities without testing all the inmates for the coronavirus, thus contributing to the spread of the disease. He asserts his facility is unable to socially distance the inmates because two units are open dormitories with only three-feet-tall walls separating the bed. Also, one unit has bunk beds with two-person cells. While his facility has masks

for inmates and staff, this personal protective equipment is not used regularly. Petitioner contends he is in the moderate risk category for COVID-19, because he is 50 years old, obese, and has hypertension.

Petitioner filed this habeas corpus petition under 28 U.S.C. § 2254, which is the process for attacking the validity of a conviction or sentence. *Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000). An attack on the execution of a sentence, however, should be presented in a habeas petition under 28 U.S.C. § 2241. *See id.* Further, a § 2241 petitioner "is generally required to exhaust state remedies." *Id*. at 866. For these reasons, Petitioner's request for early release cannot be brought in this § 2254 action, and his Motion for Emergency Release and for Expedited Consideration (Dkt. 22) must be DENIED WITHOUT PREJUDICE.

## II.     Petitioner's Grounds for Relief under Section 2254

Petitioner raises the following grounds for habeas relief:

Ground I:     Petitioner did not have effective assistance of counsel and due process. Counsel failed to investigate Petitioner's defense and failed to discover that the search warrant was improperly executed, the search warrant return was incorrect, and the officers/agents failed to identify themselves prior to forcing entry into Petitioner's residence. Counsel also failed to file a motion to suppress and incorrectly advised Petitioner of his right to file a direct appeal or of all the consequences of the plea agreement. (Dkt. 1 at 5).

Ground II:     OSBI agents acted improperly and illegally entered the home after knocking by breaking down a door to effect an illegal search and arrest. Petitioner did not refuse entry to the agents, and the agents' reports do not show exigent factors existed to warrant breaching the front door when it appeared that no one was at home. (Dkt. 1 at 6).

Ground III:     OSBI agents improperly executed a search warrant by failing to properly

identify themselves before entering the residence and as they invaded the residence after breaking down the door. Petitioner was awakened by banging on the front door, and while walking to the door, an unknown number of armed persons burst in and screamed for him to get down on the floor. At no time did the armed persons state they were law enforcement officers or why they had entered the house. (Dkt. 1 at 7-8).

　　Ground IV:　The OSBI agent improperly made a return of the search warrant, which was falsely sworn. The agent failed to list two guns that were removed from Petitioner's house. It did list a television that was removed, however, the court did not authorize the removal of the above-mentioned items. (Dkt. 1 at 9).

　　Ground V:　Because the initial search was unlawful, the products of the search were fruit of the poisonous tree and thus inadmissible in court. (Dkt. 1 at 10).

　　Ground VI:　The Carter County District Attorney's office committed prosecutorial misconduct when it continued to prosecute this case after ignoring the errors and illegal actions of the OAG/OSBI agents. The District Attorney and his assistants chose to ignore the inaccuracies of the agents' reports and obvious violations of the law committed by the OAG/OSBI agents. Instead, the District Attorney chose to cover up the illegal activity and continue the prosecution. (Dkt. 1 at 11).

　　Ground VII: Petitioner had no opportunity or direction by the court to allocute to the crimes. (Dkt. 1 at 12).

　　Ground VIII: The prosecutor, the court, and Petitioner's counsel failed to advise Petitioner of all the (unspecified) consequences of his plea agreement, resulting in an uninformed decision to enter the plea. (Dkt. 1 at 13).

　　Ground IX:　"Inefficient" counsel resulted in the ill-advised plea. Petitioner's attorney colluded with the prosecutor "and sold [him] down the river to obtain a better deal

for a client with more resources." (Dkt. 1 at 14).

### III.  Statute of Limitations

Respondent alleges the petition was filed beyond the one-year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act of 1996, codified at 28 U.S.C. § 2244(d) (AEDPA). The following dates are pertinent to the motion to dismiss:

| | |
|---|---|
| 01/22/2016 | Petitioner, represented by counsel, entered pleas of guilty to three Counts in Case No. CF-2015-268 and was sentenced. He was notified of his appellate rights regarding his pleas. Petitioner's Judgment and Sentence also was entered on this date. (Dkts. 11-2, 11-3, 11-4). |
| 09/13/2017 | Petitioner filed in the Carter County District Court a petition for judicial review/modification of sentence. (Dkt. 11-5). |
| 09/22/2017 | Petitioner's petition for judicial review/modification of sentence was denied. (Dkt. 11-6). |
| 01/04/2018-06/10/2019 | Petitioner filed numerous motions in the Carter County District Court, mainly requests for filings, records, or transcripts. (Dkt. 11-30). He also filed four state habeas corpus actions in the Oklahoma Court of Criminal Appeals (OCCA) and five mandamus actions in the OCCA.[1] |
| 01/08/2018 | Petitioner filed in the Carter County District Court an application for post-conviction relief, requesting an appeal out of time. (Dkt. 11-7). |
| 01/09/2018 | The state district court denied Petitioner's application for post-conviction relief, because all claims for relief could have been addressed in an appeal. (Dkt. 11-8). |
| 01/22/2018 | Petitioner filed in the Carter County District Court a notice of intent to appeal the denial of his post-conviction application. (Dkt. 11-9). |
| 01/22/2018 | Petitioner filed in the Carter County District Court an appeal out |

---

[1] *See* Case Nos. HC-2018-235 (Mar. 28, 2018) (Dkt. 11-21), HC-2018-354 (Apr. 30, 2018) (Dkt. 11-22), MA-2018-466 (May 21, 2018) (Dkt. 11-23), HC-2018-494 (June 6, 2018) (Dkt. 11-24), MA-2018-706 (July 25, 2018) (Dkt. 11-25), MA-2018-825 (Aug. 29, 2018) (Dkt. 11-26), MA-2018-976 (Oct. 2, 2018) (Dkt. 11-27), MA-2018-1085 (Dec. 14, 2018) (Dkt. 11-28), and HC-2019-193 (Mar, 26, 2019) (Dkt. 11-29).

|  |  |
|---|---|
|  | of time by application for post-conviction relief.  (Dkt. 11-10). |
| 08/13/2018 | The state district court denied Petitioner's second request for appeal out of time through post-conviction relief and did not recommend that Petitioner be allowed to file an appeal out of time.  (Dkt. 11-11). |
| 08/20/2018 | Petitioner filed in the Carter County District Court a notice of appeal of the August 13, 2018 denial of post-conviction relief.  (Dkt. 11-12). |
| 11/30/2018 | The Certificate of Appeal in Case No. PC-2018-1182 was filed in the Carter County District Court.  (Dkt. 11-13). |
| 02/27/2019 | The OCCA denied Petitioner's application for post-conviction relief for his failure to show he was denied an appeal through no fault of his own in Case No. PC-2018-1182.  (Dkt. 11-14 at 1-4). |
| 03/04/2019 | The OCCA issued its Mandate in the denial of Case No. PC-2018-1182.  (Dkt. 11-14 at 5). |
| 04/08/2019 | Petitioner filed an application to withdraw his guilty plea/motion for extension of time to file the application.  (Dkt. 11-15). |
| 04/29/2019 | The state district court denied Petitioner's application to withdraw guilty plea/motion for extension of time as untimely.  (Dkt. 11-16). |
| 05/06/2019 | Petitioner filed in the Carter County District Court a notice of intent to appeal all convictions, designation of record; order determining indigency, appellate counsel, preparation of appeal record, and granting trial counsel's motion to withdraw; court reporter's acknowledgment; and notification of appropriate appellate counsel, if appointed.  (Dkt. 11-17). |
| 05/10/2019 | Petitioner initiated an appeal to the OCCA in Case No. C-2019-323.  (Dkt. 11-18). |
| 05/15/2019 | The OCCA entered an order directing Petitioner to show cause with respect to his notice of intent to appeal and designation of record in Case No. C 2019-0323.  (Dkt. 11-19). |
| 06/05/2019 | The OCCA dismissed Petitioner's appeal of the denial of his attempt to withdraw his guilty plea in Case No. C 2019-0323.  (Dkt. 11-20). |
| 07/31/2019 | Petitioner filed this habeas corpus petition.  (Dkt. 1 at 18). |

5

Section 2244(d) provides that:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The record shows that on January 22, 2016, Petitioner, represented by counsel, entered guilty pleas to three counts in Case No. CF-2015-268 (Dkt. 11-2). On that same date, the Carter County District Court entered a formal Judgment and Sentence reflecting Petitioner's pleas and sentences. (Dkt. 11-4).

"In Oklahoma, if a defendant's conviction is based on a guilty plea, he may pursue an appeal to the OCCA only by a petition for a writ of certiorari." *Clayton v. Jones*, 700 F.3d 435, 441 (10th Cir. 2012) (citing *Hickman v. Spears*, 160 F.3d 1269, 1271 (10th Cir. 1998)). "First, however, the defendant must file an application in the trial court to withdraw his plea within ten days of the judgment and sentence, with a request for an evidentiary hearing." *Clayton*, 700 F.3d at 441 (citing Rule 4.2(A), *Rules of the Oklahoma Court of Criminal Appeals*, Okla. Stat. tit. 22, Ch. 18, App.)). "The court [then] must hold an evidentiary

hearing and rule on the application to withdraw the plea within thirty days from the date the application was filed." *Id*. (citing Rule 4.2(B), *Rules of the Oklahoma Court of Criminal Appeals*, Okla. Stat. tit. 22, Ch. 18, App.)). "'The application to withdraw guilty plea and the evidentiary hearing are both necessary and critical steps in securing this appeal . . . .'" *Id*. (quoting *Randall v. State*, 861 P.2d 314, 316 (Okla. Crim. App. 1993)). "If the trial court denies the motion to withdraw, the defendant then may appeal by way of a petition for writ of certiorari." *Id*. (citing Okla. Stat. tit. 22, § 1051(a); Rule 4.2(D), *Rules of the Oklahoma Court of Criminal Appeals*, Okla. Stat. tit. 22, Ch. 18, App.)).

If a defendant fails to "move to withdraw his guilty pleas, file a direct appeal, or seek a writ of certiorari from the United States Supreme Court," the judgments on the convictions become final ten days after the pleas. *See Clark v. Oklahoma*, 468 F.3d 711, 713 (10th Cir. 2006). *See also Jones v. Patton*, 619 F. App'x 676, 678 (10th Cir. July 15, 2015) ("If a defendant does not timely move to withdraw a guilty plea or file a direct appeal, Oklahoma criminal convictions become final ten days after sentencing." (citing Okla. Stat. tit. 22 § 1051; Rule 4.2, *Rules of the Oklahoma Court of Criminal Appeals*; Okla. Stat. tit. 22, Ch.18, App.; *Clayton*, 700 F.3d at 441; *Clark*, 468 F.3d at 713)).

Because Petitioner did not seek to timely withdraw his guilty plea or seek a direct appeal to the OCCA, his conviction became final on February 1, 2016, ten days after entry of the Judgment and Sentence. *See* Rule 4.2, *Rules of the Court of Criminal Appeals*, Okla. Stat. tit. 22, Ch.18, App.; Okla. Stat. tit. 22, § 1051.[2] Therefore, his statutory year began the following day on February 2, 2016. *See United States v. Hurst*, 322 F.3d 1256, 1261 (10th

---

[2] The year 2016 was a leap year, however, "when a statute of limitations is measured in years, the last day for instituting the action is the anniversary date of the relevant act. The anniversary date is the 'last day to file even when the intervening period includes the extra leap year day.'" *United States v. Hurst*, 322 F.3d 1256, 1260 (10th Cir. 2003) (quoting *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000)).

7

Cir. 2003). Petitioner thus had until February 2, 2017, to file his petition for a writ of habeas corpus. His petition, filed on July 31, 2019, was untimely.

### A.    Statutory Tolling

Pursuant to 28 U.S.C. § 2244(d)(2), the statute of limitations is tolled while a properly-filed application for post-conviction relief or other collateral review of the judgment at issue is pending. State procedural law determines whether an application for state post-conviction relief is "properly filed." *Garcia v. Shanks*, 351 F.3d 468, 471 (10th Cir. 2003). Here, Petitioner did not initiate any post-conviction proceedings until after expiration of the limitation period, so there is no statutory tolling. *See May v. Workman*, 339 F.3d 1236, 1237 (10th Cir. 2003) (citing 28 U.S.C. § 2244(d)(2)).

### B.    Tolling Under 28 U.S.C. § 2244(d)(1)(D)

Petitioner appears to reference 28 U.S.C. § 2244(d)(1)(D) in claiming his petition is timely. (Dkt. 1 at 16-17). Petitioner apparently is attempting to argue that the "factual predicate" for his claims was not discovered until he received an OSBI report from his attorney in mid-December 2017 and discovered his attorney's alleged ineffectiveness. (Dkt. 1 at 16). Petitioner apparently is arguing this "discovery" of new evidence led him to file for post-conviction relief out of time and caused the one-year statute of limitations to run from the date of "discovery." Respondent alleges this argument is completely unpersuasive, because "Petitioner has not shown how the factual predicate of the claims presented *could not have* been discovered *through the exercise of due diligence prior* to December 2017," pursuant to 28 U.S.C. § 2244(d)(1)(D). (Dkt. 11 at 16) (emphasis in original).

The relevant inquiry for triggering the one-year limitation period under Section 2244(d)(1)(D) is whether the petitioner had knowledge of the predicate facts underlying his claim, not whether he understood the legal significance of such facts. *See Preston v. Gibson*,

8

234 F.3d 1118, 1120 (10th Cir. 2000) (finding the petitioner's one-year limitation period did not start under Section 2244(d)(1)(D) when he first understood the legal significance of the factual basis, but instead the one-year period began when petitioner "was clearly aware" of the factual basis for his claim "years before" he filed his habeas petition). *See also Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2001) ("[T]he trigger in § 2244(d)(1)(D) is (actual or imputed) discovery of the claim's 'factual predicate,' not recognition of the facts' legal significance.").

> The determination of the date on which the factual predicate for a habeas claim is first discoverable is a "fact-specific" inquiry which requires a district court to analyze the factual bases of each claim and to determine when the facts underlying the claim were known, or could with due diligence have been discovered. . . . Accordingly, if new information is discovered that merely supports of strengthens a claim that could have been properly stated without the discovery, that information is not a 'factual predicate' for purposes of triggering the statute of limitations under 2244(d)(1)(D).

*Rivas v. Fischer*, 687 F.3d 514, 534-35 (2d Cir. 2012) (citations omitted).

Regarding Petitioner's claims about the OSBI's breach of his front door, the OSBI's "knock and announce" technique, and the ineffective assistance claims concerning the announcing and breaching of the door, Petitioner was present when the OSBI entered and searched his house. He thus was aware of the vital facts underlying these claims. (Dkt. 1 at 6-8). Petitioner's lack of understanding of the legal significance of these facts makes no difference. *See Klein v. Franklin*, 437 F. App'x 681, 684 (10th Cir. 2011).

With respect to Petitioner's claims that he did not allocate to the crime, that he was not advised of each particular consequence of his pleas, and his related ineffectiveness of counsel claims that counsel improperly advised him to plea and misinformed him of his appellate rights and consequences of the pleas, the factual predicate of these claims was known to him when he entered his pleas on January 22, 2016. *See id.* (holding that petitioner's presence at his own hearing put him "on notice that neither the court nor his

9

attorney advised him of his right to appeal"). *See also Rivas*, 687 F.3d at 535. Concerning Petitioner's claims regarding prosecutorial misconduct, the search warrant return, the "fruit of the poisonous tree," and ineffective assistance of counsel, the Court finds he could have exercised due diligence and sought the records and materials from counsel much earlier than December 2017, which was almost two years after his pleas.

Petitioner admits he did not write to his attorney until after the state district court denied his petition for judicial review in September 2017 and after he talked to a "jailhouse lawyer." (Dkt. 2 at 6-7). Therefore, despite having all the information and facts from his pleas, he apparently never sought any information from his attorney until his request to modify his sentence was denied. This did not constitute due diligence. *Cf. Brown v. Parker*, 348 F. App'x 405, 409 (10th Cir. Oct. 9, 2009) (rejecting petitioner's argument he did not learn the factual predicate of his claims until he received the district attorney's case file, because petitioner waited almost a year to request the file after he learned he had been misinformed about his sentence).

Here, the Court finds that Petitioner's argument pursuant to 28 U.S.C. § 2244(d)(1)(D) fails, because he was aware of the factual predicate for his claims and did not exercise due diligence in seeking the OSBI report from his defense attorney. The Court further finds he has not supported his claim or shown that a date, other than the date of final judgment, should serve to trigger the statute of limitations. *See Chavez v. Workman*, No. 05-CV-554-HDC-PJC, 2006 WL 2251718, at *3 (N.D. Okla. Aug. 4, 2006) (finding that petitioner should bear some burden in proving applicable trigger date).

### C. Tolling Under 28 U.S.C. § 2244(d)(2)

The Court further finds Petitioner's limitation period was not tolled under 28 U.S.C. § 2244(d)(2), which provides for tolling of the statute of limitations while a properly-filed

application for post-conviction relief or other collateral review of the judgment at issue is pending. The Supreme Court of the United States defines "collateral review" as "a form of review that is not part of the direct appeal process." *Wall v. Kholi*, 562 U.S. 545, 552 (2011). Further, "[a] state post-conviction application is 'properly filed' if it satisfies the State's requirements for filing such a pleading." *Robinson v. Golder*, 443 F.3d 718, 720 (10th Cir. 2006).

In this case, Petitioner did not file any requests for relief in the state district court until his statutory year under AEDPA had expired. Therefore, he is not entitled to tolling under § 2244(d)(2). *See May v. Workman*, 339 F.3d 1236, 1237 (10th Cir. 2003) (noting that AEDPA's one-year period "is tolled or suspended during the pendency of a state application for post-conviction relief properly filed *during* the limitations period" (emphasis added) (citing 28 U.S.C. § 2244(d)(2)).

### D. Equitable Tolling

The Court further finds that Petitioner has not shown that he is entitled to equitable tolling. Equitable tolling of § 2244(d)(1)'s one-year statute of limitations is available "only in rare and exceptional circumstances." *York v. Galetka*, 314 F.3d 522, 527 (10th Cir. 2003). Further, "it is well established that 'ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing.'" *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (quoting *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999)), *cert. denied*, 531 U.S. 1194 (2001). Generally, equitable tolling requires a litigant to establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (citation and internal quotation marks omitted).

> Equitable tolling would be appropriate, for example, when a prisoner is actually innocent, when an adversary's conduct--or other uncontrollable

> circumstances--prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period. Simple excusable neglect is not sufficient. Moreover, a petitioner must diligently pursue his federal habeas claims . . . .

*Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (internal citations omitted).

After careful review, the Court finds Petitioner has not demonstrated any unique, exceptional, or rare circumstances or due diligence deserving of equitable tolling. Instead, he offers, along with an argument under § 2244(d)(1)(D), a conclusory declaration that he is entitled to equitable tolling because he has "shown a reasonable diligence in seeking relief after discovering a basis for [his] application" and a claim that he received ineffective assistance of counsel. (Dkt. 1 at 17; Dkt. 2 at 1). Further he has failed to set forth specific facts to support his claim of due diligence. Such conclusory statements are insufficient to suffice for the requirement of specific facts. *See Yang v. Archuleta*, 525 F.3d 925, 930 10th Cir. 2008) ("His conclusory statement that he diligently pursued his rights and remedies will not suffice.") (internal quotation marks omitted).

Further, based on the procedural history set forth above, it is apparent that Petitioner cannot demonstrate diligence in pursuing his claims. The Tenth Circuit "has generally declined to apply equitable tolling when it is facially clear from the timing of the state and federal petitions that the petitioner did not diligently pursue his federal claims." *Burger v. Scott*, 317 F.3d 1133, 1141 (10th Cir. 2003). "[S]ince 1996 Oklahoma inmates have been aware that they have one year in which to file their claims in state court in order to benefit from tolling pursuant to § 2244(d)(2)." *Id.* at 1142. Although Petitioner filed numerous state court pleadings challenging his pleas, convictions, and sentences, he failed to do so diligently, and he did so only after being denied sentence modification by the state district court. *Cf. Miller v. Rios*, No. CIV-13-1048-R, 2014 WL 773477, at *3 (W.D. Okla. Feb. 24, 2014) (finding the petitioner did not diligently pursue his state collateral and federal habeas

claims, and thus was not entitled to equitable tolling, because he waited eight months after his motion for sentence modification was denied to seek further state post-conviction relief and then another month before he brought his federal habeas actions). Petitioner clearly has not shown the requisite due diligence for equitable tolling.

Moreover, Petitioner has not shown the existence of extraordinary circumstances through improper conduct by an adversary, an active and timely pursuit of remedies defeated by the filing of defective pleadings, uncontrollable circumstances that prevented him from seeking relief, or any other exceptional situation. *See Gibson*, 232 F.3d at 808. Petitioner's claim and his self-serving affidavit that he was not allowed to appeal because of his pleas (Dkt. 1 at 5; Dkt. 2 at 6; Dkt. 2-1) are inconsistent with the record. The state court documents clearly show that Petitioner was notified of his appellate rights with respect to his pleas, and he was aware he had ten days to move to withdraw his pleas (Dkt. 11-2 at 11; Dkt. 11-3). In fact, Petitioner acknowledges that he was advised of his appellate rights as follows: "During the proceedings the District Judge did advise that I had 10 days to withdraw the plea but did not say that it would be the start of my direct appeal (or that I could have an appeal) under Title 22 Ch. 18 App. Rule 4." (Dkt. 2 at 1) (emphasis omitted).

The record shows that Petitioner's Plea of Guilty Summary of Facts advised that:

> To appeal from this conviction, or order deferring sentence, on your plea of guilty, you must file in the District Court Clerk's Office a written Application to Withdraw your Plea of Guilty within ten (10) days from today's date. You must set forth in detail why you are requesting to withdraw your plea. The trial court must hold a hearing and rule upon your Application within thirty (30) days from the date it is filed. If the trial court denies your Application, you have the right to ask the Court of Criminal Appeals to review the District Court's denial by filing a Petition for Wit of Certiorari within ninety (90) days from the date of the denial. Within ten (10) days from the date of the application to withdraw plea of guilty is denied, notice of intent to appeal and designation of record must be filed pursuant to Oklahoma Court of Criminal Appeals Rule 4.2(D). If you are indigent, you have the right to be represented on appeal by a court appointed attorney.

13

(Dkt. 11-2 at 11).

Both Petitioner and his attorney signed the above statement and acknowledged that Petitioner "[understood] each of these rights to appeal. *Id.* The Minutes of Proceeding in Court further noted that Petitioner was advised of his right to appeal. (Dkt. 11-3). Based on this record, the Court finds Petitioner knew he had a limited time to initiate an appeal of his guilty pleas, however, he chose not to do so until he asked the state district court to modify his sentence more than a year later. Even if Petitioner's attorney misinformed him of his appellate rights, he clearly was notified in writing and by the district court of his appellate rights and how to initiate an appeal.

"[A]ttorney negligence is not extraordinary and clients, even if incarcerated, must 'vigilantly oversee,' and ultimately bear responsibility for, their attorneys' actions or failures." *Fleming v. Evans*, 481 F.3d 1249, 1255-1256 (10th Cir. 2007) (quoting *Modrowski v. Mote*, 322 F.3d 965, 968 (7th Cir. 2003)). Here, Petitioner was made aware of the proper way to challenge his pleas and sentences, yet he failed to do so in a timely and proper manner. Blaming his failures on his attorney is not an extraordinary circumstance in light of his knowledge. *See Garrett v. Howard*, 205 F. App'x 682, 684 (Nov. 9, 2006) (finding petitioner's general assertions that his attorney failed to inform him of his right to appeal from his state-court guilty plea was insufficient to demonstrate due diligence required for equitable tolling under § 2244(d)). *See also Benshoof v. Tavanello*, No. CIV-10-381-M, 2010 WL 3489404 (W.D. Okla. Aug. 20, 2010) (finding petitioner's unsupported, vague, and conclusory allegation that counsel advised him not to appeal after his nolo contendere blind plea was insufficient to establish equitable tolling).

Finally, courts may excuse noncompliance with the statute of limitations if the prisoner makes "a credible showing of actual innocence." *McQuiggin v. Perkins*, 569 U.S.

14

383, 392 (2013). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623-24 (1998) (citing *Sawyer v. Whitley*, 505 U.S. 333, 339 (1992)). Actual innocence is not a constitutional claim; it instead serves as a gateway through which a habeas petitioner may pass to gain federal court review of constitutional claims that are otherwise barred by the statute of limitations. *Schlup v. Delo*, 513 U.S. 298, 315 (1995); *McQuiggin*, 569 U.S. at 392.

Here, Petitioner has not argued that he is factually innocent or did not commit these crimes. In addition, any claim of actual innocence would be undermined by Petitioner's guilty pleas. *See Johnson v. Medina*, 547 F. App'x 880, 885 (10th Cir. 2013) ("While [the petitioner] claims that his guilty plea was involuntary and coerced, the state courts rejected that argument, and his plea of guilty simply undermines his claim that another individual committed the crime to which he pled guilty."). Moreover, Petitioner admitted in his September 2017 Petition for Judicial Review that he was "genuinely remorseful and recognize[d] the seriousness of his crimes," and he acknowledged his "detrimental behavior." (Dkt. 11-5 at 2). For these reasons, it is clear that equitable tolling for actual innocence cannot be applied, and this habeas petition is barred by the statute of limitations.

## IV.   Certificate of Appealability

The Court further finds Petitioner has not shown "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether [this] Court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). *See also* 28 U.S.C. § 2253(c). Therefore, Petitioner is DENIED a certificate of appealability. *See* Rule 11(a) of the Rules Governing Section 2254 Cases.

**ACCORDINGLY,**

1. Petitioner's Motion for Emergency Release and for Expedited Consideration (Dkt. 22) is DENIED WITHOUT PREJUDICE.
2. Respondent's motion to dismiss time-barred § 2254 petition (Dkt. 10) is GRANTED.
3. Petitioner is DENIED a certificate of appealability.

**IT IS SO ORDERED** this 24th day of November 2020.

Ronald A. White
United States District Judge
Eastern District of Oklahoma