# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **ROBERT D. CARTER,** | ) |
| Petitioner, | )<br>)<br>) |
| v. | ) Case No. CIV 19-243-RAW-KEW |
| **DEON CLAYTON, Warden,** | )<br>)<br>) |
| Respondent. | ) |

## OPINION AND ORDER

Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 was dismissed as barred by the statute of limitations on November 24, 2020, and judgment was entered on that date (Dkts. 24, 25). On December 21, 2020, Petitioner filed a motion for reconsideration of the dismissal pursuant to Fed. R. Civ. P. 59(e), a motion for evidentiary hearing, and a motion to expedite (Dkt. 26).[1,2]

"[A] motion will be considered under Rule 59(e), when it involves reconsideration of matters properly encompassed in a decision on the merits." *Phelps v. Hamilton*, 122 F.3d 1309, 1323-24 (10th Cir. 1997) (citations and internal quotations omitted). The Court may

---

[1] Under the prisoner "mailbox rule" of *Houston v. Lack*, 487 U.S. 266, 270, 276 (1988), a pro se prisoner's notice of appeal is deemed to have been "filed" when the prisoner delivers the pleading to prison officials for mailing. The mailbox rule also has been applied to Rule 59(e) motions. *United States v. Nunez*, Nos. 09-40039-01, 11-4118-RDR, 2012 WL 2685199, at *1 (D. Kan July 6, 2012) (unpublished). Petitioner certified that his motion was deposited with postage prepaid in the prison legal mail system on December 21, 2020 (Dkt. 26 at 19.)

[2] Petitioner is advised that any future filings in this Court must comply with Local Civil Rule 7.1(b), which requires that "[e]ach motion, application, or objection filed shall be a *separate* pleading . . . ." (emphasis added).

reconsider a final decision if the moving party shows "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citation omitted). Rule 59(e), however, does not permit a losing party to rehash arguments previously addressed or to present new legal theories or facts that could have been raised earlier. *Servants of the Paraclete*, 204 F.3d at 1012. "A party's failure to present its strongest case in the first instance does not entitle it to a second chance in the form of a motion to reconsider." *Cline v. S. Star Cent. Gas Pipeline, Inc.*, 370 F. Supp. 2d 1130, 1132 (D. Kan. 2005) (citation omitted), *aff'd*, 191 F. App'x 822 (10th Cir. 2006). "[T]he district court is vested with considerable discretion" in determining whether to grant or deny such a motion. *Brown v. Presbyterian Healthcare Servs.*, 101 F.3d 1324, 1332 (10th Cir. 1996).

In its Opinion and Order dismissing this action, the Court found that Petitioner's conviction became final on February 1, 2016, and his statutory deadline for filing a habeas petition was February 2, 2017 (Dkt. 24 at 7-8). This habeas corpus petition, filed on August 1, 2019, was untimely under the AEDPA. Petitioner was not subject to statutory tolling, because he did not file an application for state post-conviction or other collateral review during the statutory year pursuant to 28 U.S.C. § 2244(d)(2) (Dkt. 24 at 8).

The Court further found Petitioner was not entitled to equitable tolling, because he did not demonstrate diligence in pursuing his claims. *Id.* at 12. Petitioner alleges in his motion

for reconsideration that the Court did not "consider in detail the facts of this case to determine whether they indeed constitute extraordinary circumstances sufficient to warrant equitable relief" (Dkt. 26 at 1) (quoting *Holland v. Florida*, 560 U.S. 653-54 (2010)). He asserts that "[t]he extraordinary circumstances in this case revolve around prosecutorial misconduct (where the state failed to provide evidence in support of the defendant in violation of *Brady v. Maryland*, 373 U.S. 85 (1963)), and ineffective assistance of counsel" (Dkt. 26 at 1).

Petitioner argues that the Court's reference to *Miller v. Rios*, No. CIV-13-1048-R, 2014 WL 773477, at *3 (W.D. Okla. Feb. 24, 2014), in its previous Opinion and Order (Dkt. 24 at 12-13) was inappropriate, because the *Miller* petitioner waited eight months after the denial of judicial review before seeking post-conviction relief. Petitioner alleges the time between his denial of judicial review on September 22, 2017, and the date he filed for an out-of-time appeal in state district court on January 8, 2018 was less than four months (Dkt. 26 at 1). He claims that during that period, he diligently pursued his claims by contacting his attorney to request copies of reports from his case. *Id.*

Regarding Petitioner's claim about the *Miller* case, the Court finds the length of time between the denial of judicial review and his post-conviction application is not relevant. The Court has not stated that the eight-month length of time in *Miller* is the standard for assessing equitable tolling. The limitation period expired prior to Petitioner's commencement of any post-conviction proceedings. His assertion that he diligently pursued his claims during the

3

almost four-month period does not excuse his failure to pursue his claims prior to expiration of the one-year limitation period.

Petitioner contends he did not know of a possible claim until he spoke with a jailhouse lawyer in prison. He also maintains that until he received the OSBI report, he did not have specific knowledge of what transpired outside his home before the OSBI agents breached his front door while he was sleeping. He contends he did not have "the sophistication needed to go against the system until [he] heard a jailhouse lawyer speaking to another inmate." The jailhouse lawyer then answered Petitioner's questions concerning the denial of his judicial review, and the jailhouse lawyer advised Petitioner that Petitioner's counsel may have been deficient in his representation (Dkt. 26 at 2-3).

Petitioner claims he was asleep when the OSBI entered his house, and he quickly awakened and met the officers in the hallway of the home (Dkt. 1 at 6-8). He, therefore, was aware that the OSBI had entered his home, and he had the opportunity to ascertain the facts and commence his research about the breach of the door within the limitation period. As stated in the Court's earlier Opinion and Order, Petitioner's lack of understanding of the legal significance of these facts makes no difference. *See Klein v. Franklin*, 437 F. App'x 681, 684 (10th Cir. 2011). His assertion that he could not have learned the vital facts surrounding his claim about the agents' alleged actions is unpersuasive, when he could have requested the OSBI report before receiving advice from the jailhouse lawyer. The fact that he was incarcerated did not excuse him from exercising due diligence in pursuing his claim.

Petitioner also alleges his case involves a fundamental miscarriage of justice (Dkt. 26 at 9-10). "To invoke the miscarriage of justice exception to the AEDPA's statute of limitations, . . . a petitioner 'must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence.'" *McQuiggin v. Perkins*, 569 U.S. 383, 399 (2013) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995). Here, as discussed in the previous order, "'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623-24 (1998) (citing *Sawyer v. Whitley*, 505 U.S. 333, 339 (1992)).

As previously stated by the Court, Petitioner has not argued that he is factually innocent or that he did not commit these crimes. In addition, any claim of actual innocence would be undermined by Petitioner's guilty pleas. Therefore, he is not entitled to relief under the miscarriage of justice exception.

**Motion for Evidentiary Hearing**

Petitioner has requested an evidentiary hearing based on his attorney's delay in responding to letters requesting information about the OSBI report and a destroyed DVD containing OSBI reports (Dkt. 26 at 7). Petitioner also wants to explore counsel's actions prior to the guilty plea. *Id*. The Court, however, finds Petitioner is not entitled to an evidentiary hearing on his time-barred claims. *See Cleveland v. Sharp*, 672 F. App'x 824, 826 (10th Cir. 2016) ("Petitioner is not entitled to an evidentiary hearing on meritless claims.").

**Certificate of Appealability**

A petitioner is entitled to a certificate of appealability (COA) only upon making a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The failure to satisfy either prong requires the denial of a COA. *Id*. at 485. The Court finds nothing in the record that suggests its ruling is debatable or an incorrect application of the law and therefore declines to issue a certificate of appealability.

**ACCORDINGLY**, Petitioner's motion for reconsideration of the dismissal pursuant to Fed. R. Civ. P. 59(e) and his a motion for evidentiary hearing (Dkt. 26) are DENIED. Petitioner's motion for expedited consideration (Dkt. 26) is DENIED AS MOOT, and Petitioner is DENIED a certificate of appealability.

**IT IS SO ORDERED** this 25th day of August 2021.

_____
HONORABLE RONALD A. WHITE
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF OKLAHOMA